## J. H. MOORE v. LOWRY FRUIT COMPANY.

Eastern Section. October 31, 1925.

Certiorari denied by Supreme Court February 13, 1926.

1. **Accord and satisfaction. Cashing check sent "in settlement" of a disputed account constitutes an accord.**
   In an action to recover the balance of the sale price of a carload of vegetables where buyer claimed part of vegetables were spoiled and that he did not owe for them and sent seller a check stating "being settlement as per enclosed statement" and enclosed a statement showing items that were good and paid for, held the cashing of the check by seller was a good accord

2. **Words and phrases. "Being settlement" is equivalent to "being settlement in full."**
   When an account is in dispute and debtor sent a check marked "being in settlement," held to mean the same as "being in settlement in full."

Appeal from Chancery Court, Washington County; Hon. Hal. H. Haynes, Chancellor.

Affirmed.

Cox & Taylor, of Johnson City, for J. H. Moore.

Sells, Simmonds & Bowman, of Johnson City, for Lowry Fruit Company.

HEISKELL, J. The bill in this cause was filed to recover a balance of seven hundred and eighty dollars and forty cents, ($780.40) plus interest from May 16, 1922, balance due on a carload of vegetables sold to the defendant, f. o. b. Lawtey, Florida, and shipped to Johnson City, Tennessee.

At the time of the sale of the carload of vegetables to the defendant, complainant was engaged in the vegetable business, residing and carrying on his business in Lawtey, Florida. Defendant was engaged in the fruit and vegetable business in Johnson City, Tennessee. The suit grows out of a telegraphic order from defendant to complainant for the said carload of vegetables, dated May 11, 1922, asking complainant if he could ship a carload of vegetables, consisting of beans, cabbage and cucumbers. On the same date said telegram was sent complainant answered by wire that he could ship a carload of vegetables, mentioning the price of each commodity, and defendant answered the same day ordering the said car to be shipped at once.

Upon arrival of the car in Johnson City, the defendant after opening same, wired complainant that most of the beans were spoiled, and asked that he (complainant) advise it as to the condition of same when picked, packed and loaded in the car. In answer to this wire complainant immediately advised that all vegetables shipped were in good condition when loaded, they being shipped the same day picked. Complainant further advised defendant that the car was properly loaded, stating that he personally inspected same just before its departure for Johnson City.

After an exchange of a number of communications between the parties, covering the time from May to October, on the 9th day of the latter month the defendant wrote to the complainant the following letter:

"October 9, 1922.

"Mr. J. H. Moore,
"Lawtey, Florida.
Dear Sir:—

"We are herewith enclosing our check for five hundred and fifty dollars and ninety-nine cents ($550.99) being settlement on car FGE #23397 as per the enclosed statement.

"We are paying you in full for the cabbage and cucumbers which were in fair condition when car arrived. We are paying you for twenty-six (26) crates of beans which were sorted from all the crates in the car, also one hundred and fourteen (114) hampers of beans which were sorted from all the hampers in the car, making a total of five hundred and ninety-two dollars and forty cents. We are deducting freight charges on the seventy-seven (77) crates and seventy-six (76) hampers

of beans that were bad, which amount is forty-one dollars and forty-one cents ($41.41), leaving a balance due .you of five hundred fifty dollars and ninety-nine cents ($550.99), for which we are enclosing check.

"We are paying you really more than we received out of the beans, however this is the amount that we crated out of the entire amount of the beans, and we are willing to settle for all the beans that we crated, although same were in bad condition, and when shipped to our customers, we had world of trouble with same on account of the beans not being first class.

"We are enclosing paid freight bill which you will note is marked from fifty (50) to seventy-five (75) per cent bad also we are enclosing the original bill of lading and if you wish to file claim against the Railroad Company to recover for the spoilt beans it will be necessary for you to do so by the 15th of November, as they do not entertain claims after six months, we have no doubt that you will be able to recover for the spoilt beans providing that same left your station in good condition and were properly iced. We regret very much the condition of the car on arrival and our being compelled to make this deduction, however we have treated you more than fair in the transaction, and we hope that you will be perfectly satisfied with our settlement, we are,

"Yours very truly,
"The Lowry Fruit Co.

"LEF/a"

The complainant collected the check and on October 28, 1922, his attorney wrote to the defendant the following letter:

"The Lowry Fruit Co.,
"Johnson City, Tenn.
"Gentlemen:—

Re- J. H. Moore, Lawtey, Fla. $747.06.

"I have for collection against you an account for a balance due of $747.06 by you to J. H. Moore, of Lawtey, Florida, for a carload of vegetables sold you at Lawtey, Fla.

"Mr. Moore says you claim they were in bad condition when you received them; if they were your remedy is against the railroad company, as you bought these vegetables, F. O. B. Lawtey, Florida, and we can easily prove that they were in good condition when loaded.

"Please let me know what you desire to do about paying this balance due and oblige..

"Yours very truly,
"A. Z. Adkins."

To this letter defendant replied as follows:

"Andrew Zenas Adkins,

"Starke, Florida.

"Dear Sir:—

"Answering your letter of October 28th, in reference to the account of J. H. Moore of Lawtey, Florida, claiming we owe him, will say that we don't feel that we are due Moore this amount as we have plenty of witnesses to prove the true condition of car when shipment arrived. In our remittance to him of October 9th, we paid him for every good bean in the car.

"If Mr. Moore wants us to file claim with the railroad company and endeavor to collect from them for him we will be very glad to do so, and when the railroad company has paid same we will immediately turn the amount over to him. In doing this we do not acknowledge any liability on our part and we are sure the fault either lies with the railroad company or the car being improperly loaded. We are sure that we are in no ways to blame, and feel sure that our court would uphold us in our belief.

"If Mr. Moore wishes us to file claim, it will be necessary for him to return to us at once papers mailed him with our remittance, consisting of bill of lading, freight bill and any other papers he might have, as claims will have to be filed not later than the 15th of this month, as we have only six months from date that shipment is received to file the claim, and this shipment was received on May 20th. We do not believe that we will have any trouble in collecting this claim from the railroad company, unless they can prove that car was improperly loaded and not properly ventilated, and should this be the case the court would hold that we were not responsible for we had nothing to do with the loading of the car.

"If your client wishes to accept our offer and let us file claim, please let us have papers at once. We want Mr. Moore to have every cent of his money, but we feel that it would not be fair and just for us to have to pay this amount, it would mean a total loss to us when we are absolutely innocent in every way, we are

"Yours very truly,

"The Lowry Fruit Co."

The defendant in its answer pleaded accord and satisfaction by reason of the acceptance by complainant of defendant's check, contained in the letter of October 9th.

The Chancellor sustained defendant's plea of accord and satisfaction and dismissed the complainant's bill without going into the further facts of the case.

Complainant has appealed and assigned errors as follows:

### ERROR OF LAW AND FACT—NO. I.

The court erred in holding that the plea or defense of accord and satisfaction was sustained by the proof. The court should have held that the defense of accord and satisfaction was not sustained by the proof, and not applicable in this case, and that complainant did not accept check in full settlement of account against defendant and that when said check was forwarded defendant did not intend the same as settlement of said account.

### ERROR OF LAW—NO. II.

The court erred in failing to hold that defendant was estopped to plead accord and satisfaction. The court should have held that intention is a necessary element of accord and satisfaction, and that the correspondence between the parties conclusively shows that defendant did not intend said check as accord and satisfaction and that by reason thereof defendant is now estopped to plead estoppel, or accord and satisfaction.

### ERROR OF LAW AND FACT—NO. III.

The court erred in failing and refusing to hold that complainant was entitled to a decree against the defendant in the amount of $788.47, plus interest from May 20, 1922, and all the costs of the cause.

### ERROR OF LAW AND FACT—NO. IV.

The court erred in taxing complainant and his sureties with the costs of the cause.

Complainant insists that by filing a claim against the railroad company the defendant is estopped to plead accord and satisfaction. We will dispose of this question first.

If there was accord and satisfaction it was complete when complainant accepted and cashed the defendant's check of October 9, 1922. In reply to letter of complainant's attorney, of October 28th, the defendant simply says it was willing to file a claim with the railroad company and if collection can be made to turn over amount to complainant, but defendant disclaims the admission of any liability to the complainant or any admission that the liability rests between the railroad and defendant. No estoppel can be predicated upon this conduct of the defendant. Was it error then in the Chancellor to sustain defendant's plea of accord and satisfaction? The complainant contends that the letter of defendant of October 9th,

with the check for $550.99 enclosed, was not sufficient to make the acceptance of the check amount to a settlement because the defendant does not offer to pay any more than admitted to be due and because the letter does not say the check is tendered in full settlement or satisfaction, and does not show an intention to offer the check in full settlement. The letter says: "We are herewith enclosing our check for $550.99 being settlement on Car FGE #23397, as per enclosed statement."

Being settlement means the same as being settlement in full. Settlement for the car meant for the contents of the car. The statement enclosed shows that defendant was paying for all the contents except what it insisted was rotten and that the check covered everything the defendant was willing to pay for. The complainant could have refused to receive the check and sued for the full amount. He could not receive and cash the check and then sue for the balance.

The defendant relies on the case of Penrose v. Smith, 3 Tenn. Civ. App., 612. That case was a dispute over a doctor's bill. The doctor wrote: "I have paid you $500 on account and enclose you a check for $375, which I consider pays this account in full. If you do not care to accept it I am perfectly willing to accept service and we will try the charges on their merit. Find enclosed a little sketch as to how I get at this amount." We take it the result in that case would have been the same if the letter had said "which I consider pays the account" without saying "in full." In that letter the debtor offers to pay only so much as he considers he owes, and he does not demand acceptance of the check in full or its return. The letter in the present case contains the same element. The check is sent in settlement for the car shipped, as to which there was dispute as to amount of liability. The debtor says he is paying for more than he gets in sound vegetables, and he sends a statement to show why he cannot pay any more. We do not think this case can be distinguished in principle from the Penrose v. Smith case and the cases cited in the opinion in that case.

The assignments of error are overruled and the decree of the Chancellor is affirmed.

Owen and Senter, JJ., concur.